UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 20);

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 28); AND

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. 36)

**I.      Introduction**

On January 29, 2020, Orlando Garcia ("Plaintiff") brought this action against The Honey Baked Ham Company, LLC, and Does 1-10. Dkt. 1. On February 24, 2020, Plaintiff filed a First Amended Complaint ("FAC") that substituted Honey Baked Ham, Inc. ("Defendant") for the previously named Honey Baked Ham Company, LLC. Dkt. 11. The FAC asserts two causes of action: (i) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. (the "ADA"); and (ii) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 (the "Unruh Act"). Dkt. 11 ¶¶ 19-29.

On June 12, 2020, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 20-1 (the "MTD"). On July 25, 2020, Plaintiff filed an untimely opposition to the MTD. Dkt. 23 (the "MTD Opposition"). On July 29, 2020, Defendant filed an "Objection to Plaintiff's Late-Filed [MTD Opposition]," and requested that the MTD Opposition be "rejected" because it was not timely filed. Dkt. 24 (the "Objection").

An Order issued directing Plaintiff's counsel to file a declaration stating why the MTD Opposition was not timely filed, and why the MTD Opposition should not be stricken. Dkt. 25. On October 6, 2020, Plaintiff's counsel filed the required declaration. Dkt. 26. Based on a review of the declaration, and in the interest of judicial and party efficiency, there is sufficient good cause to consider the MTD Opposition. Defendant will not be prejudiced by this determination because it has been provided sufficient time to reply, and did so on October 7, 2020. Dkt. 27 (the "MTD Reply").

On October 12, 2020, Defendant filed a Motion for Summary Judgment. Dkt. 28 (the "MSJ"). On November 2, 2020, Plaintiff filed an Opposition to the MSJ. Dkt. 31 (the "MSJ Opposition"). On November 15, 2020, Defendant filed a Reply in Support of the MSJ. Dkt. 33. (the "MSJ Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | | Date | December 27, 2021 |
|---|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | | |

On July 26, 2021, Plaintiff filed a Motion for Leave to File Second Amended Complaint. Dkt. 36 (the "SAC Motion"). On August 5, 2021, Defendant filed an Opposition. Dkt. 38 (the "SAC Opposition").

Based on a review of the MTD, the MSJ, and the SAC Motion, and in accordance with Local Rule 7-15, a determination has been made that the motions will be decided without a hearing. Dkt. 32, Dkt. 34. For the reasons stated in this Order, the MTD is **GRANTED-IN-PART** and **DENIED-IN-PART**. The MSJ is **GRANTED**. The SAC Motion is **GRANTED**.

**II.     Factual Background**

   A.     The Parties

Plaintiff is a California resident. Dkt. 11 ¶ 1. He is quadriplegic, suffers from cerebral palsy, and "has manual dexterity issues." *Id*. He uses a wheelchair for mobility. *Id.* It is alleged that Honey Baked Ham, Inc. is a California entity that allegedly owns a Honeybaked Ham restaurant (the "Restaurant") located in Glendale, California. *Id.* ¶¶ 2-3. The Restaurant is allegedly "open to the public, a place of public accommodation, and a business establishment." *Id.* ¶ 9.

   B.     Alleged Statutory Violations

The FAC alleges that Plaintiff visited the Restaurant in January 2020 "to avail himself of its goods, motivated in part to determine if [Defendant] compl[ies] with disability access laws." *Id.* ¶ 8. It also alleges that, "on the date of [P]laintiff's visit, [Defendant] failed to provide accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like [himself]." *Id.* ¶ 10. The FAC alleges that Plaintiff "personally encountered these barriers" and they are the sort "identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove." *Id*. ¶¶ 12, 16. It then alleges Defendant's "failure to provide accessible facilities created difficulty and discomfort for [] Plaintiff." *Id.* ¶ 14.

The FAC alleges, on information and belief, that "[g]iven the obvious and blatant nature of the barriers and violations alleged" by the FAC, "there are other violations and barriers [at the Restaurant] that relate to his disability." *Id.* ¶ 18. It is alleged that Plaintiff "will return to the Restaurant to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible." *Id.* ¶ 17. Plaintiff is allegedly deterred from returning to the Restaurant due to "his knowledge of existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id.*

   C.     Remedies Sought

The FAC seeks the following remedies: (i) injunctive relief compelling compliance with the ADA and the Unruh Act; (ii) "[d]amages under the [Unruh Act], which provides for actual damages and a statutory minimum of $4000 for each offense," and (ii) attorney's fees and costs. Dkt. 11 at 6.

   D.     The Franchise Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | | Date | December 27, 2021 |
|---|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | | |

Defendant asserts -- and Plaintiff does not dispute -- that Defendant's relationship to the Restaurant is solely as the franchisor. Dkt. 31-1 ¶ 1. Defendant filed a copy of the applicable Franchise Agreement in support of the MSJ. Dkt. 28-4 (the "Franchise Agreement"). Plaintiff does not dispute that Defendant's relationship to the Restaurant is controlled and limited by the Franchise Agreement. Dkt. 31-1 ¶ 1.

**III.     Analysis**

    A.     Article III Standing

        1.     Legal Standards

Because federal courts are courts of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). If a plaintiff lacks standing under Article III, an action must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998); *accord Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61). When a plaintiff seeks injunctive relief, establishing standing under Article III also requires a showing of "real or immediate threat that the plaintiff will be wronged again -- a 'likelihood of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

A defendant contesting subject matter jurisdiction may do so through a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). In general, a jurisdictional challenge may be fact-based or one that relies on the face of the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The latter "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In assessing a facial challenge, a court must accept the allegations of the complaint as true and construe them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

The Ninth Circuit has held that a court must take a "a broad view of constitutional standing in civil rights cases." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008).

        2.     Application

            a)     Injury in Fact

An allegation that the plaintiff "personally suffered discrimination as a result of the barriers in place" at a public accommodation, "and that those barriers have deterred him . . . from patronizing the store" is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | | Date | December 27, 2021 |
|---|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | | |

sufficient to establish that the alleged injury is concrete and particularized. *Doran*, 524 F.3d at 1040. Such injury can be stated as to the ADA by allegations that a plaintiff was deterred from patronizing an establishment due to noncompliance with the ADA; this constitutes an actual injury. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002). Imminent injury may also be stated by allegations as to the risk of future harm when a plaintiff will visit a location and encounter conditions that are not ADA-compliant. *Id.*

The FAC alleges that Plaintiff "personally encountered" inaccessible dining surfaces. Dkt. 11 ¶¶ 11-12. The FAC further alleges this caused Plaintiff "difficulty and discomfort" and that he has been deterred from revisiting the Restaurant "to avail himself of its goods" because of the knowledge that he "will face unlawful and discriminatory barriers again." *Id.* ¶¶ 14, 17. These allegations are sufficient to state a concrete and particularized injury that is both actual and imminent.

     b)  Causal Connection

A plaintiff need not make "an individualized causal showing" as to precisely which architectural barriers deterred him or her from patronizing a business. *Doran*, 524 F.3d at 1042. It would be "ultimately misleading to conceptualize each separate architectural barrier inhibiting a disabled person's access to a public accommodation as a separate injury that must satisfy the requirements of Article III," and "perverse" to suggest that the inability of a disabled person to personally discover facts about all ADA violations at a location "would defeat that plaintiff's standing to challenge other violations at the same location." *Id.*

The FAC alleges that Defendant's "difficulty and discomfort" and decision not to return to the Restaurant are due to the inaccessible dining surfaces he encountered as well as his knowledge that other barriers likely exist at the Restaurant. Dkt. 11 ¶¶ 11-12, 14, 17. These allegations are sufficient to satisfy the causal connection requirement.

     c)  Redressability

The FAC seeks, *inter alia*, injunctive relief requiring Defendant's compliance with the ADA. Dkt. 11 at 6. There is jurisdiction to grant such relief, and, if granted, it would resolve Plaintiff's alleged injury -- his difficulty in accessing the Restaurant's dining surfaces and being deterred from returning there.

     \*         \*         \*

For the foregoing reasons, the FAC satisfies each requirement of Article III standing. Accordingly, the MTD is **DENIED** as to Defendant's assertion that Plaintiff lacks standing.

  B.  Supplemental Jurisdiction

    1.  <u>Legal Standards</u>

District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotations omitted).

Courts have discretion to decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Where jurisdiction is declined because of "exceptional circumstances," the court must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values [*i.e.*, 'economy, convenience, fairness, and comity'] provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

        2.        <u>Application</u>

The Unruh Act provides that "[a]ll persons . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It also states that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." *Id.* § 51(f). Under the Unruh Act, actual damages -- "in no case less than four thousand dollars" -- are recoverable. *Id.* § 52(a). The FAC alleges that there is supplemental jurisdiction over Plaintiff's "attendant and related" Unruh Act claim, because that alleged violation arises "from the same nucleus of operative facts" as the ADA claim. Dkt. 11 ¶ 6.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMx), 2019 WL 5204294, at *1 (C.D. Cal. Aug. 27, 2019) (quoting *Velez v. IL Fornanio (Am.) Corp.*, No. 3:18-cv-1840-CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018)). Additionally, California imposed a "high-frequency litigant fee" of $1000 on plaintiffs who have "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation," as well as on attorneys who represent more than ten such plaintiffs. Cal. Civ. Code Proc. § 425.55; Cal. Gov. Code § 70616.5. These requirements were designed to address the "very small number of plaintiffs [who] have filed a disproportionately large number of the construction-related accessibility claims in the state . . . . seeking quick cash settlements rather than correction of the accessibility violation." *Id*.

"By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories." *Garibay*, 2019 WL 5204294, at *4. When such actions are brought in an action filed in a federal court, California's "heightened pleading standards and increased filing fees do not apply." *Id. Garibay* concluded that, when plaintiffs who file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

many similar ADA actions seek to use supplemental jurisdiction as the basis for including an Unruh Act claim, they have "evaded these limits and sought a forum . . . [to] claim these state law damages in a manner inconsistent with the state law's requirements." *Id.*

Because "California's elected representatives, not this Court, have enacted laws restricting construction-related accessibility claims, and, as a result, dictated that these claims be treated differently than other actions," other district courts in California have declined to provide "an escape hatch" from the state's statutes, on the grounds that to do so would be "an affront to the comity between federal and state courts." *Id.* at *4-5 ("Declining to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other construction-related accessibility claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *see also, e.g.*, *Love v. Lee*, No. CV 18- 0599-RSWL-SHK, 2019 WL 8168058, at *4 (C.D. Cal. Dec. 12, 2019); *Holland v. Sanh Doi Ho*, No. 8:19-cv-01698-JLS-KES, 2019 WL 10171886, at *3 (C.D. Cal. Dec. 3, 2019); *Whitaker v. Mac*, 411 F.Supp.3d 1108, 1116 (C.D. Cal. 2019) ("Declining to exercise supplemental jurisdiction over [an] Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. . . . Federal courts may properly take measures to discourage forum-shopping, and here . . . the Court finds this to be a compelling reason to decline supplemental jurisdiction.") (internal citations omitted). *But see White v. Wisco Restaurants, Inc.*, No. 17cv103-L(JMA), 2018 WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018) (concluding in an ADA action that a plaintiff's selection of the forum of her choosing was "not an unusual circumstance," and that "dismissing state law claims would not accommodate any of those [*Gibbs*] values").

The Complaint was filed on January 29, 2020. Dkt. 1. A review of the docket in this District shows that Plaintiff has filed more than 10 actions asserting construction-related accessibility claims in the 12 months preceding the filing of the Complaint. Under the Superior Court standards, he would be deemed a high-frequency litigant.

"California's recent legislative enactments confirm that the state has a substantial interest in this case." *Whitaker v. La Conq, LLC*, No. CV 19-07404 CJC, Dkt. 11 at 4 (C.D. Cal. Sept. 20, 2019). The California legislature has determined that high-frequency litigation of the type presented here "unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act." Cal. Civ. Proc. Code § 425.55(a)(2). "Although . . . it would be more convenient and efficient for the ADA claim and the state law claim based on the same ADA violations to be litigated in one suit . . . these issues are not so dire to overcome 'California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants.'" *Arroyo v. A&G Interprises, LLC* [*sic*], No. CV 18-06338 PSG (GJSx), 2019 WL 6792796, at *6 (C.D. Cal. Aug. 20, 2019),[1] (quoting *Schutza v. Alessio Leasing, Inc.*, No. 18cv2154-

---

[1] An appeal of this order is pending *sub nom. Arroyo v. Rosas*, No. 19-55974-PSG (9th Cir.). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019)).

Furthermore, the Clerk's Office for the Central District has determined that, since the change in the requirements for filing of actions like this one in a Superior Court, ADA cases have increased from three percent of all civil filings in 2013 to twenty-four percent of all such filings in 2019. *Whitaker*, No. CV 19-07404, Dkt. 11 at 6; *see also Arroyo*, 2019 WL 6792796, at *5 ("The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants."). "The only explanation for the phenomenon is the strategic evasion of California's new reforms." *Whitaker*, No. CV 19-07404, Dkt. 11 at 6.

In light of the findings by the California legislature, the determination in *Whitaker* and other similar decisions that supplemental jurisdiction should be declined "primarily based on comity" is persuasive. *Id.* at 4. Where a plaintiff's "gamesmanship significantly undermines California's efforts to reform Unruh Act litigation. . . . whatever inefficiencies may arise from Plaintiff litigating his claims in two separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented." *Id.* at 6-7. Thus, a consideration and balancing of the *Gibbs* factors weighs in favor of declining jurisdiction. Moreover "[t]his situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents 'exceptional circumstances'" which also warrant a decision not to exercise supplemental jurisdiction. *Garibay*, 2019 WL 5204294, at *4.

For the foregoing reasons, the MTD is **GRANTED** insofar as it seeks dismissal of the Unruh Act claim, for which supplemental jurisdiction is declined.

      C.      Sufficiency of the Pleading

In support of the MTD, Defendant argues that, contrary to the allegations in the FAC, it is the franchisor rather than the owner of the Restaurant, and therefore "does not have meaningful control of the premises to be liable under [] the ADA." Dkt. 20-1 at 5. This argument appears to be made in support of Defendant's position that Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim is assessed under Fed. R. Civ. P. 12(b)(6). On such a motion, the allegations in the FAC are deemed true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

The FAC alleges that Defendant is the "owner" of the Restaurant. Dkt. 11 ¶¶ 2-3. For the purposes of the MTD, this allegation is taken as true. Therefore, the MTD is **DENIED** to the extent it asserts Plaintiff has failed to state a claim because Defendant is the franchisor rather than the owner of the Restaurant. However, Defendant's argument regarding its position as the franchisor is assessed below in connection with the MSJ.

      D.      Summary Judgment

            1.      <u>Legal Standards</u>

---

857, 863-64 (9th Cir. 1979). However, the "discretionary decision to decline to exercise supplemental jurisdiction does not involve a controlling question of law, [and] is consistent with the findings of a substantial number of other federal courts." *Garibay*, 2019 WL 5204294, at *7. Therefore, the Court declines to stay this matter. *Id.*; *accord Whitaker*, No. CV 19-07404, Dkt. 11 at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

A motion for summary judgment will be granted where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At the summary judgment stage, the judge's function is not to weight the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Id.* at 249. The party seeking summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322. Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Where the nonmoving party will have the burden of proof on an issue, however, the movant need only demonstrate that there is an absence of evidence to support the claims of the nonmoving party. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at 324).

Only admissible evidence may be considered in connection with a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). However, in considering such a motion, a court is not to make any credibility determinations or weigh conflicting evidence. All inferences are to be drawn in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). However, conclusory, speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

        2.      <u>Application</u>

The ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates* a place of public accommodation.

42 U.S.C. § 12182(a) (emphasis added). In the MSJ, Defendant argues that it cannot be liable because it is the franchisor of the operator of the Restaurant and does not own, lease, or operate it. *See generally* Dkt. 28-1. Plaintiff contends that Defendant is an operator of the restaurant. *See generally* Dkt. 31.

The Ninth Circuit has adopted "the Fifth Circuit's guidelines for defining the scope of the verb 'to operate' in this context." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (citing *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066 (5th Cir. 1995)). Specifically, "'to operate'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

means 'to put or keep in operation,' 'to control or direct the functioning of,' or 'to conduct the affairs of; manage.'" *Id*. (where a quadriplegic patron sued a theater owner and staff because she was denied admission to the theater, the theater's Director of Center Sales and Event Services was an operator because he had the ability to instruct staff as to who could or could not be admitted to the theater). The Fifth Circuit opinion cited by the Ninth Circuit affirmed summary judgment in favor of a franchisor of a restaurant on the ground that it was not an operator for the purposes of the ADA. *Neff*, 58 F.3d at 1070. As the opinion explained, "the relevant inquiry in a case such as this one is whether [the franchisor] specifically controls the modification of the franchises to improve their accessibility to the disabled." *Id.* at 1066.

District Courts in this Circuit have applied *Neff* to assess whether franchisors have sufficient control over a public accommodation to be deemed an operator for the purposes of the ADA. *See, e.g.*, *Zamora v. Wendy's Int'l, LLC*, No. 19-CV-06133-LHK, 2020 WL 3469331, at *6 (N.D. Cal. June 25, 2020) (granting motion to dismiss by franchisor where plaintiff failed to allege that franchisor exercised control over the access-related aspects of the facilities in question); *Lemmons v. Ace Hardware Corp.*, No. 12-cv-03936-JST, 2014 WL 3107842 at *7 (N.D. Cal. July 3, 2014) (granting summary judgment motion by franchisor because franchising agreement did not provide franchisor with "the 'specific control' necessary to impose liability on it."); *United States v. Days Inns of Am.*, No. CIV. S-96-260 WBS/GGH, 1998 WL 461203, at *6 (E.D. Cal. Jan. 12, 1998) (granting summary judgment motion by franchisor because "even if [it] were found to 'control' individual [franchisee's] day-to-day activities," it does not have sufficient control over the discriminatory conditions to trigger ADA liability).

The Franchise Agreement provides that, "Franchisee shall operate the Outlet in strict compliance with all applicable laws, ordinances and regulations, including . . . the [ADA]." Dkt. 28-4 at 28. The Franchise Agreement also provides Defendant the right to terminate if a franchisee fails to comply with any law for a period of ten days after notification of noncompliance or, alternatively, engages in noncompliance after previously curing noncompliance in accordance with the terms of the Franchise Agreement. *Id.* at 39-40. Similar terms were present in the franchise agreement in *Lemmons*. 2014 WL 3107842 at *7. The district court concluded that "while these contractual terms might provide an additional incentive to [the franchisee] to comply with federal and state laws, they do not grant [the franchisor] the 'specific control' necessary to impose liability on it." *Id.* The opinion added that there was "no evidence to show that [the Franchisor] retained the authority under the agreement to dictate the physical layout of the store, or that [it] otherwise participated in the alleged acts of discrimination against Plaintiff." *Id.*

Plaintiff argues that Defendant has the control necessary to impose liability because of the following provisions in the Franchise agreement:

- Section 7.9.1: "Franchisee expressly authorizes [Defendant and others], at any reasonable time, and without prior notice to Franchisee, to enter the premises of Franchisee's Outlet and conduct regular inspections of the Outlet . . . in order to verify compliance with this Agreement . . . ." Dkt. 28-4 at 24.
- Section 8.5.1: "Franchisee shall, at its own expense, repair and maintain the Outlet, and all equipment, signs, fixtures, furnishings, inventory, supplies, materials and other tangible property used in conducting business . . . consistent with the requirements of and in conformity with the standards, specifications and requirements of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

> HoneyBaked Ham System and as [Defendant] may from time to time direct." *Id.* at 26-27.
> - Section 12.1.3: " . . . [Defendant] may, pursuant to the Addendum to Lease, accept an assignment of the Lease." *Id.* at 42.
> - Section 12.2.1: "Upon termination or expiration . . . of this Agreement, [Defendant] shall have the option, but not the obligation, to purchase from Franchisee . . . all inventory, supplies, equipment, fixtures, and furnishings purchased or paid for under the terms of this Agreement." *Id.* at 43.
> - Section 12.4.2: "[Defendant's] right to terminate this Agreement shall not be its exclusive remedy in the event of Franchisee's default, and [Defendant] shall be entitled, in its sole discretion and election . . . to . . . injunctive relief to compel Franchisee to perform its obligations under this Agreement." *Id.* at 45.

Several of the Sections cited by Plaintiff do not provide Defendant specific control as required for liability. The inspections provided by Section 7.9.1 enable Defendant to verify compliance with the Agreement but do not, by themselves, enable Defendant to control a franchisee. Defendant's ability to accept an assignment of the lease, as well as to purchase fixtures and furnishings from franchisees, also fails to give Defendant any control over franchisees' present operation of the Restaurant.

There is some force to Plaintiff's arguments with respect to Sections 8.5.1 and 12.4.2. Plaintiff argues that "Defendant can specifically direct its Franchisee to install or provide accessible dining tables by invoking Section 8.5.1." Dkt. 31 at 6. Plaintiff also argues that Defendant can use Section 12.4.2 to compel Franchisees to comply with the Agreement through an injunction. *Id.* at 7. However, these provisions do not provide Defendant the "active and significant degree of control" necessary for liability. *Lemmons*, 2014 WL 3107842 at *6.

A comparison of *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035 (N.D. Cal. 2009), *Neff* and this action is instructive. In *Castaneda*, a franchisor's motion to dismiss was denied because the plaintiff adequately alleged the franchisor operated the relevant restaurants. *Id.* at 1043. Specifically, the plaintiff alleged the existence of common barriers in various restaurants, and that these restaurants "were built according to one or a limited number of architectural design prototypes developed by [the franchisor]." *Id.* (quotation marks omitted). Additionally, the plaintiff alleged that the franchisor "exercised substantial control over . . . the leased restaurants, including over the development, design, alteration, remodel, maintenance and operation of those restaurants" through "enter[ing] into development agreements requiring construction of some or all of the California restaurants or the performance of 're-imaging' programs at those restaurants in accordance with [the franchisor's] designs." *Id.* Finally, the plaintiff alleged that the franchisor "provided building plans used to construct some or all of those restaurants and provided construction teams to aid in designing and building some or all of those restaurants." *Id.*

There was a different outcome in *Neff*, 58 F.3d at 1068-69. There, summary judgment in favor of the franchisor was granted notwithstanding that "the terms of the [relevant] franchise agreement demonstrate that [the franchisor] retains the right to set standards for building and equipment maintenance and to 'veto' proposed structural changes." The Fifth Circuit concluded that "this supervisory authority, without more, is insufficient to support a holding that [the franchisor] 'operates,' in the ordinary natural meaning of that term, the [franchised store]." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

This action is similar to *Neff*. The Franchise Agreement does not provide -- and Plaintiff does not argue -- that Defendant requires its franchisees to build restaurants in accordance with a limited number of architectural design prototypes, or that it provides building plans for the restaurants. To be sure, there is evidence to support the claim that Defendant has some control over the Restaurant's fixtures and furnishings. However, this is not the sort of "supervisory authority" that *Neff* found would be needed to support a finding that Defendant "operates" the Restaurant. *Id.* Accordingly, liability under the ADA is foreclosed.

For the foregoing reasons, the MSJ is **GRANTED** as to Plaintiff's ADA claim, without a determination as to what, if any, preclusive effect this will have on Plaintiff's Unruh Act claim should Plaintiff elect to pursue it in an appropriate Superior Court.

    D.    Leave to Amend

        a)    Legal Standards

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

        b)    Application

Plaintiff requests leave to file a second amended complaint to add the alleged franchisee of the Restaurant, King Fish, Inc., as a party to the action. Dkt. 36-1 at 3. Plaintiff has unduly delayed in filing the SAC Motion; as early as May 28, 2020, Defendant's counsel had informed Plaintiff that Defendant, as the franchisor, "has no control over the facility," and the parties had discussed substituting the franchisee for Defendant. *See* Dkt. 38-1 (Declaration of William A. Adams); Dkt. 38-2 at 3 (email exchange between parties). However, amendment will not unduly prejudice Defendant, because Defendant's MSJ has been granted and judgment will be entered in Defendant's favor. Further, for the reasons stated in this Order, the requested amendment is not futile. The addition of the alleged franchisee to the action, who allegedly has ownership and actual control over the Restaurant, will permit proceedings on Plaintiff's claim.

For the foregoing reasons, the SAC Motion is **GRANTED**.

**IV.**    **Conclusion**

For the reasons stated in this Order, the MTD is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion to Dismiss is **DENIED** as to standing and the ADA claim. The MTD is **GRANTED** as to the Unruh Act claim, for which supplemental jurisdiction is declined.

The MSJ is **GRANTED**. On or before December 22, 2021, after meeting and conferring with Plaintiff to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-00951 JAK (PJWx) | Date | December 27, 2021 |
|---|---|---|---|
| Title | Garcia v. The Honey Baked Ham Company, LLC, et al. | | |

seek an agreement on the form of a judgment, Defendant shall file a proposed judgment, and state whether Plaintiff has approved its form. If Plaintiff has not approved the form of the proposed judgment, on or before January 3, 2022, Plaintiff shall file any objection to the form of the proposed judgment. If Plaintiff fails to file an objection to the proposed judgment, it will be deemed to consent to the form of the proposed judgment.

The SAC Motion is **GRANTED**. Any Second Amended Complaint shall be filed within 10 days of the issuance of this Order and shall have allegations consistent with its terms. The Second Amended Complaint shall be served within 14 days of its filing. Within 21 days of service, the parties shall submit a Rule 26 Meeting Report pursuant to the Standing Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | TJ |